1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Capmark Finance, Inc., formerly known as )    No. CV 08-00468-PHX-SMM
     GMAC Commercial Mortgage Corporation,)
10   a California corporation, as Special)         **ORDER**
     Servicer for LaSalle Bank National)
11   Association, as Trustee of the Morgan)
     Stanley Capital Inc. Commercial Mortgage)
12   Pass-Through Certificates 2004-HQ3,      )
                                              )
13              Plaintiff,                    )
                                              )
14   vs.                                      )
                                              )
15   Sari Deihl,                              )
                                              )
16              Defendant.                    )
                                              )
17   _____)

18

19                        **BACKGROUND**

20          Currently before the Court is Defendant Sari Deihl's ("Mrs. Deihl") Motion to Dismiss

21   Plaintiff's Complaint with prejudice and award attorney's fees/costs (Dkt. 5) for lack of

22   subject matter jurisdiction and failure to state a claim under Rules 12(b)(1) and (6) of the

23   Federal Rules of Civil Procedure.[1]  Mrs. Deihl contends that Plaintiff, Capmark Finance

24   ("Capmark"), failed to name Mrs. Deihl in the original action brought against her late

25   husband, Joseph A. Deihl ("Mr. Deihl") to recover from a Guaranty default, as is required by

26   A.R.S. § 25-215.  In the alternative, Mrs. Deihl argues that Capmark's Complaint should be

27   _____

28         [1] The Court advises counsel that filings must comply with the Rules of Court, specifically,
     footnote formatting.  *See* LR Civ 7.1, R.16 order.

1  dismissed because it was filed after the ninety-day period required to bring a deficiency

2  action under A.R.S. § 33-814.

3      In its Response, Capmark contends that A.R.S. § 25-215 does not apply after the death

4  of one spouse and thus, it can bring a separate suit against Mrs. Deihl because no marital

5  community existed after Mr. Deihl's death on February 11, 2006.  Capmark also claims that

6  A.R.S. § 33-814 is inapplicable because the real property at issue was not sold at a trustee's

7  sale but was sold pursuant to a bankruptcy court ordered sale.  Consequently, the ninety-day

8  requirement does not bar its claim.  Additionally, Capmark argues that Mrs. Deihl expressly

9  waived the benefits and protections provided under A.R.S. § 33-814 in the Guaranty of

10  Recourse Obligations of Borrower ("Guaranty") and thus is not protected by the ninety-day

11  period.  (Dkt. 6).

12      Finally, the Court has before it Defendant's Reply to Plaintiff's Response to its

13  Motion to Dismiss (Dkt. 7), wherein Mrs. Deihl contends first, that A.R.S. § 25-215 must

14  apply to this action and second, that sale of property by a bankruptcy court order is the

15  equivalent of a trustee's sale and consequently, A.R.S. § 33-814 bars Capmark's claim.

16                          **STANDARD OF REVIEW**

17      Federal Rule of Civil Procedure Rule 12(b)(1) provides for motions to dismiss for lack

18  of subject matter jurisdiction.  The burden of proof on a Rule 12(b)(1) motion to dismiss is

19  on the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

20  (1994).  On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the

21  court is not "restricted to the face of the pleadings, but may review any evidence, such as

22  affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

23  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).[2]

24

25  ──────────────

26      [2] Although Defendant raised the issue of lack of subject matter jurisdiction in its Motion to
    Dismiss, Defendant failed to address it in briefing the Court.  Paragraphs 1-2 of Capmark's

27  Complaint establish the presence of diversity of citizenship between the parties and thus, without
    specific argument to the contrary in Defendant's Motion to Dismiss, this Court finds that it has

28  jurisdiction to hear the matter.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).  When deciding such a motion to dismiss, all allegations of material fact in the complaint  are taken as true and construed in the light most favorable to the plaintiff.  *W. Mining v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)).

A court may dismiss a claim either because it lacks a "cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment."  *Polich v. Burlington, N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).  When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

Drawing all inferences in favor of the nonmoving party, the Court finds that Mrs. Deihl has not proved "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim." *Usher*, 828 F.2d at 561.  Capmark is entitled to proceed with its claim as a matter of law to recover money allegedly owed to it pursuant to Mr. and Mrs. Deihl's Guaranty default.  Therefore, Mrs. Deihl's Motion to Dismiss is **DENIED**.

## I.    Applicability of A.R.S. § 25-215

A.R.S. § 25-215(D) states, in pertinent part:

> Except as prohibited in A.R.S. § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second from the separate property of the spouse contracting the debt or obligation.

Upon the death of a spouse, the marital community remains liable for debts incurred for the benefit of the community. *Samaritan Health System v. Caldwell*, 957 P.2d 1373, 1377 (Ariz. App. 1998).

In the instant case, both Mr. and Mrs. Deihl signed the Guaranty. (Dkt. 6 at Exhibit A, 5). Thus, under *Samaritan*, if the Guaranty was executed for the benefit of the community, Mrs. Deihl is liable to creditors for debts incurred. If Mrs. Deihl contests the assertion that the debt was incurred for the benefit of the community, she bears the burden of overcoming that presumption by clear and convincing evidence. *See Schlafer v. Financial Management Service*, 996 P.2d 745, 750 (Ariz. App. 2000) (citing *Gutierrez v. Gutierrez*, 972 P.2d 676, 679 (Ariz. App. 1998)). However, given that she co-signed the Guaranty as binding the marital community, it is unlikely that she will be able to overcome this presumption.

Mrs. Deihl cites *Flexmaster Aluminum Awning v. Hirschberg* to support her contention that creditors are required to sue both spouses jointly to execute a judgment against the community. 839 P.2d 1128 (Ariz. App. 1992). In *Flexmaster*, the husband incurred debt before his marriage to his wife. *Id.* at 1131. The court held that "a nondebtor spouse is a necessary and proper party in a suit to establish the limited liability of the community under A.R.S. section 25-215(B)...because the wife's joint interest in the community necessarily includes the right to litigate both the premarital debt and the value of the husband's contribution to the community that may be subject to the premarital debt." *Id.* at 1132. However, in the instant case, Mrs. Deihl co-signed the Guaranty for the purpose of binding the marital community (Dkt. 6 at Exhibit A, 5) and there is no need to litigate what

1  contributions Mr. Deihl's separate contractual obligation had on the community property

2  because both Mr. and Mrs. Deihl were joint obligators in the transaction.

3       Furthermore, the question of whether Capmark was required to name Mrs. Deihl in

4  the first suit is moot as it should have been raised in the complaint in the first lawsuit in

5  which the court granted summary judgment in favor of Capmark for a judgment of

6  $5,620,625.26 against Mr. Deihl. (Dkt. 1 at ¶ 20). Unless Mrs. Deihl can show by clear and

7  convincing evidence that obligations incurred during marriage were not community

8  obligations, she remains liable for the debts incurred for the benefit of the community

9  pursuant to the Guaranty she signed.

10      Most importantly, A.R.S. § 25-215(D) is inapplicable after the death of one spouse

11  because the statute "clearly contemplates an existing marriage" and does not apply after a

12  marriage has dissolved. *Community Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz.

13  App. 1995). In *Community Guardian*, the court held that even after dissolution, the

14  community debt "remains the joint obligations of both parties and a creditor can look to

15  either spouse for satisfaction of the entire debt." *Id.* at 1008-09. Mr. Deihl's death on

16  February 11, 2005 dissolved the marriage. Thus, according to *Community Guardian*, A.R.S.

17  § 25-215(D) does not preclude Capmark's present suit against Mrs. Deihl.

18  **II.   Applicability of A.R.S. § 33-814**

19      Mrs. Deihl argues that § 33-814 precludes recovery for Capmark because it did not

20  file a deficiency judgment within ninety days of the bankruptcy court ordered sale of the real

21  property. In *L.B. Nelson Corp. of Tucson v. Western American Financial Corp.*, the plaintiff

22  received a loan through a promissory note that was secured by a deed of trust for the

23  property. 722 P.2d 379, 385 (Ariz. App. 1986). Plaintiff subsequently defaulted on the loan.

24  *Id.* at 383. One particular piece of property was sold to a third party and thus, was excluded

25  from the trustee's sale. *Id.* at 381. The court held that A.R.S. § 33-814 "requires the

26  beneficiary of a deed of trust to maintain an action to secure a deficiency for any balance

27  claimed to be due following a trustee's sale. Since it appears that [the particular piece of

28

1    property] was not sold at trustee's sale, there was no need to secure a deficiency judgment."

2    *Id.* at 385.

3           Similarly, the real property necessary to satisfy the judgment against Mr. Deihl was

4    sold pursuant to a bankruptcy court order, not a trust deed sale.  Thus, § 33-814 is not

5    implicated.

6           Moreover, Plaintiff argues that Mrs. Deihl affirmatively waived the benefits and

7    protections of A.R.S. § 33-814 in the Guaranty.  (Dkt. 6 at Exhibit A, 5).  Although Arizona

8    courts have recognized that guarantors can waive benefits and protections provided to them

9    under Arizona law, no court has specifically addressed whether guarantors can waive

10   benefits and protections provided to them under A.R.S. § 33-814.  *See generally First*

11   *National Bank of Arizona v. Bennett Venture, Ltd.*, 637 P.2d 1065 (Ariz. App. 1981).  In

12   *Bennett Venture*, the defendant company waived its statutory right to exhaustion of collateral

13   before plaintiff could proceed to enforce the guaranty.  *Id.* at 1068.  The court held that a

14   party could expressly waive statutory protections and, in fact, Bennett waived its protections

15   under the terms of the guaranty agreement.  *Id.* at 1068-69.

16          In the case at hand, the Guaranty contained the following provisions: "GUARANTOR

17   HEREBY ALSO WAIVES THE BENEFITS AND PROTECTIONS OF ARIZONA

18   REVISED STATES SECTION 33-814 AND SECTION 12-1566."  (Guaranty at Exhibit A,

19   ¶ 20).  The Guaranty also included a provision stating, in pertinent part, that its validity

20   would not be impaired "by reason of lender's failure to exercise, or delay in exercising, any

21   such right or remedy or any right or remedy it may have hereunder or in respect to this

22   guaranty."  (*Id.* at ¶ 9).  However, the Court will not address the question of whether the

23   Deihls could statutorily waive their rights under A.R.S. § 33-814 at this time because it is not

24   a question to be answered on a motion to dismiss.  Plaintiff has stated adequate facts to

25   support its claim and thus, the A.R.S. § 33-814 question should be examined in subsequent

26   proceedings.

27

28

1

**CONCLUSION**

2

Accordingly,

3

      **IT IS HEREBY ORDERED DENYING** Defendant Mrs. Deihl's Motion to

4

Dismiss Capmark's Complaint.  (Dkt. 5).

5

      DATED this 29th day of September, 2008.

6

7

8

9

                                       Stephen M. McNamee
                                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28